UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALFONSO A. DE LA CRUZ,

    Plaintiff,

v.                            Case No. 3:15-cv-1314-J-39PDB

CORIZON, LLC,

    Defendant.
_____

**ORDER**

**I. Status**

This matter is before the Court on Defendant Corizon, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Motion) (Doc. 27). Plaintiff filed his Opposition to Defendant's Motion to Dismiss (Response) (Doc. 29). See Order (Doc. 12). Plaintiff is proceeding on a Second Amended Complaint (Complaint) (Doc. 26).

**II. Standard of Review**

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). While "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (citation and footnote omitted).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth."  See Iqbal, 556 U.S. at 678, 680.  Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

### III. Second Amended Complaint[1]

Plaintiff names Corizon, LLC (Corizon) as the only Defendant. Complaint at 3-4.[2] Plaintiff sues Defendant Corizon in its individual capacity. Id. at 5. Plaintiff asserts that Corizon was the medical provider for the Florida Department of Corrections [FDOC] that acted with deliberate indifference to his serious medical need, in violation of the Eighth Amendment to the United States Constitution.[3] Id. at 5-6.

Plaintiff alleges that Corizon was deliberately indifferent to Plaintiff's serious medical needs in that Corizon failed to: respond appropriately to his serious medical need, a prostate problem. Id. at 6. He states that he has been suffering for the

---

[1] In considering the Motion, the Court must accept all factual allegations in the Complaint (Doc. 26) as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved.

[2] The Court references the pagination assigned by the electronic filing system.

[3] Plaintiff mentions the Americans with Disabilities Act (ADA), but he does not raise an independent ADA claim. Complaint at 5-6, at 8. He imparts that he has difficulty reading and writing and relies on the assistance of others under the ADA when preparing his submissions. Id.

last four years and he has not been provided adequate treatment to remedy his prostate problem. Id. at 7.

Plaintiff seeks injunctive relief, including an immediate evaluation by a urologist followed by prompt treatment as recommended by the urologist. Id. at 9. He also seeks compensatory damages, punitive damages, and such other relief as to which he may be entitled. Id. at 10.

## IV. Summary of the Arguments

In the Motion, Defendant Corizon seeks dismissal of the Complaint as moot and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Motion at 1. In doing so, Corizon asserts that: (1) Plaintiff's claim for injunctive relief is moot because he is no longer incarcerated at Franklin Correctional Institution (FCI) and Corizon is no longer the contracted health care provider for the Florida Department of Corrections (FDOC), see Motion at 4, and (2) Plaintiff fails to state a claim against Corizon "when he does not identify an official Corizon policy of deliberate indifference or an unofficial Corizon custom or practice that was 'the moving force' behind the alleged constitutional violation." See Motion at 8.

In response to Corizon's Motion, Plaintiff asserts that he has properly and sufficiently stated a claim of deliberate indifference as to Defendant Corizon based on his contention that Corizon was the medical agency contracted to provide medical treatment and in

direct control of the health care protocol of the FDOC. See Response at 1. He states that Corizon is liable based on the factual allegations raised showing "Corizon's act of omission to provide adequate Medical care." Id.

**V. Law and Conclusions**

**A. Failure to State a Claim**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). To establish an Eighth Amendment violation, there are particular requirements that must be met. Significantly, the Eleventh Circuit addressed the requirements to establish an Eighth Amendment claim concerning the deprivation of medical care:

> The Eighth Amendment's prohibition against "cruel and unusual punishments" protects a prisoner from "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a claim of unconstitutionally inadequate medical treatment, a prisoner must establish "an objectively serious [medical] need, an objectively insufficient response to that need, subjective awareness of facts signaling

> the need, and an actual inference of required
> action from those facts." Taylor v. Adams,
> 221 F.3d 1254, 1258 (11th Cir. 2000).

Kuhne v. Fla. Dep't of Corr., 745 F.3d 1091, 1094 (11th Cir. 2014).

"A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' In the alternative, a serious medical need is determined by whether a delay in treating the need worsens the condition." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).

To demonstrate that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. See Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). This is not an easy task. First, he must satisfy the objective component by showing that he had a serious medical need, Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007), and then, he must satisfy the subjective component, requiring the plaintiff to adequately present an allegation "that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson, 598 F.3d at 737. See McLeod v. Sec'y, Fla. Dep't of Corr., No. 15-10851, 2017 WL 541398, at *2 (11th Cir. Feb. 10, 2017) (per curiam) (listing the three components of deliberate

indifference, including (1) the official's subjective knowledge of a risk of serious harm; (2) the official's disregard of that risk; and (3) conduct that is more than mere negligence); Melton v. Abston, 841 F.3d 1207, 1223 n.2 (11th Cir. 2016) (per curiam) (rejecting an Eleventh Circuit panel decision stating a claim of deliberate indifference requires proof of more than gross negligence).

For a period of time, Corizon, a private company, contracted with the FDOC to provide medical services to inmates within the state of Florida. Corizon is not a governmental entity, but "[w]here a function which is traditionally the exclusive prerogative of the state ... is performed by a private entity, state action is present" for purposes of § 1983. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citations omitted).

Of note,

> "when a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997). "[L]iability under § 1983 may not be based on the doctrine of respondeat superior." Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc).

Craig v. Floyd Cty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011); see Denham v. Corizon Health, Inc., Case No. 6:13-cv-1425-Orl-40KRS,

2015 WL 3509294, at *3 n.1 (M.D. Fla. June 4, 2015) ("[W]hen a government function is performed by a private entity like Corizon, the private entity is treated as the functional equivalent of the government for which it works.") (citation omitted). Thus, a private corporation like Corizon may be held liable for constitutional violations under 42 U.S.C. § 1983.

Although Plaintiff may assert that Corizon is functionally equivalent to a governmental entity, he cannot seek liability for constitutional deprivations under § 1983 based on the theory of <u>respondeat</u> <u>superior</u>. <u>Craig</u>, 643 F.3d at 1310 (quoting <u>Grech v. Clayton Cty., Ga.</u>, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc)); see <u>Denno v. Sch. Bd. of Volusia Cty.</u>, 218 F.3d 1267, 1276 (11th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 958 (2000). Acknowledging this strict limitation on supervisory liability, the Court recognizes that Corizon may not be held liable under a theory of respondeat superior.

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." <u>Belcher v. City of Foley, Ala.</u>, 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." <u>Gonzalez</u>,[4] 325 F.3d at 1234 (internal quotation marks and citation omitted). "Supervisory liability occurs either when the supervisor personally participates in

---

[4] <u>Gonzalez v. Reno</u>, 325 F.3d 1228 (11th Cir. 2003).

> the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008) (overruled on other grounds); see Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998) (finding supervisory liability requires something more than stating a claim of liability under a theory of respondeat superior).

A plaintiff may successfully state a section 1983 claim and show liability of a government entity "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). The key to establishing that an official policy or custom of the government entity causes the constitutional violation is to show it was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). Thus, in order for a plaintiff to successfully raise a section 1983 claim against a municipality or corporate entity acting under color of state law, he must allege that his constitutional rights were violated, that the municipality or corporate entity had a custom or policy that constituted deliberate indifference to that particular constitutional right, and the policy or custom caused the

constitutional violation. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citation omitted).

In Monell, the Supreme Court held that local governments can be held liable for constitutional torts caused by official policies. It is important to note that such liability is limited to "acts which the [government entity] has officially sanctioned or ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986). Under the directives of Monell, a plaintiff also must allege that the constitutional deprivation was the result of "an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." Denno, 218 F.3d at 1276 (citations omitted); see Hoefling v. City of Miami, 811 F.3d 1271, 1279 (11th Cir. 2016) (stating Monell "is meant to limit § 1983 liability to 'acts which the municipality has officially sanctioned or ordered'"; adding that "[t]here are, however, several different ways of establishing municipal liability under § 1983").

"A policy is a decision that is officially adopted by the [government entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [government entity]." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted), cert. denied, 522 U.S. 1075 (1998). The policy requirement is designed to "'distinguish acts of the

[government entity] from acts of employees of the [government entity], and thereby make clear that [governmental] liability is limited to action for which the [government entity] is actually responsible.'" Grech, 335 F.3d at 1329 n.5 (quotation and citation omitted). As such, governmental liability arises under § 1983 only where "'a deliberate choice to follow a course of action is made from among various alternatives'" by governmental policymakers." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur, 475 U.S. at 483-84).

Of course, a government entity rarely makes official the adoption of a policy that permits a particular constitutional violation. As a consequence, in order to state a cause of action for damages under § 1983, a plaintiff must ordinarily demonstrate that the government entity has a custom or practice of permitting the violation. See Grech, 335 F.3d at 1330; McDowell v. Brown, 392 F.3d at 1289.

A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown, 520 U.S. 397, 404 (1997) (citation omitted). The Eleventh Circuit defines "custom" as "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." Sewell, 117 F.3d at 489. It is also a requirement that, "[t]o hold the [government entity] liable, there

must be 'a direct causal link between [its] policy or custom and the alleged constitutional deprivation.'" Snow ex rel. Snow v. City of Citronelle, 420 F.3d 1262, 1271 (11th Cir. 2005) (quotation omitted). Here, Corizon's liability under § 1983 would be based on its functional equivalence to the government entity responsible for providing medical care and services to FDOC inmates; therefore, Plaintiff must plead that Corizon had an official custom or policy of deliberate indifference or an unofficial custom or practice that constituted the moving force behind the alleged constitutional violation.

The Court finds that Corizon's argument that Plaintiff fails to adequately allege that Corizon had a policy or custom that constituted deliberate indifference to Plaintiff's serious medical needs is well-taken. Unlike Fields v. Corizon Health, Inc., 490 F. App'x 174, 182 (11th Cir. 2012) (per curiam), Plaintiff fails to point to any policy or custom of Corizon that contributed to the constitutional violation. In Fields, the Plaintiff alleged Corizon had a custom or policy of not sending inmates with paralysis to the hospital, unless near death. Id. at 180. The evidence at trial showed that Corizon's definition of "'emergency' meant only a life-or-death situation." Id. at 183. Based on the showing of Corizon's narrow definition of emergency, the Eleventh Circuit concluded that the jury could reasonably conclude that Corizon "had a policy that improperly delayed treatment of serious medical

needs, like paralysis, where such delay would detrimentally exacerbate an inmate's condition." Id. at 184.

Here, Plaintiff fails to identify an official Corizon custom or policy of deliberate indifference or an unofficial custom or practice that constituted the moving force behind the alleged constitutional violation. See Morgan v. Tucker, No. 3:13-cv-81-J-34PDB, 2016 WL 1089994, at *6 (M.D. Fla. Mar. 21, 2016). Of further import, Plaintiff fails to allege facts supporting a claim of Corizon's direct "personal involvement in the denial of [Plaintiff's] medical care." Palmer v. Corizon Medical Co., No. 8:14-cv-385-T-23TBM, 2014 WL 5488808, at *3 (M.D. Fla. Oct. 30, 2014). Instead, Plaintiff suggests that Corizon, the employer, should be liable based on the actions of an employee doctor or medical staff member in failing to respond appropriately to Plaintiff's medical needs by refusing to refer him to a urologist and/or depriving him of appropriate "prostate treatment." Complaint at 7. It is important to note that Corizon cannot be held liable based on any alleged conduct of or decisions by its employees simply because they were working under contract for Corizon to provide medical care to inmates incarcerated in the FDOC. At most, Plaintiff has presented a claim against Corizon under the principle of respondeat superior, which is inadequate to

state a claim of a deprivation of constitutional rights under 42 U.S.C. § 1983.

In his Complaint, Plaintiff makes no allegations of an unconstitutional custom or policy. He does not even use boilerplate and conclusory allegations of a custom or policy. In sum, Plaintiff has failed to show a policy or custom of Corizon contributed to an Eighth Amendment violation in order to hold the corporation liable.

Again, Plaintiff has neither identified an official Corizon policy of deliberate indifference nor an unofficial Corizon custom or practice that was "the moving force" behind the deprivation of adequate medical care and was in deliberate indifference to his constitutional right to such care. Because Plaintiff has not provided sufficient allegations to state an Eighth Amendment claim against Corizon plausible on its face, Plaintiff's section 1983 claim against Corizon is due to be dismissed.

**B. Moot**

"The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007) (citations omitted) (abrogated on other grounds). Plaintiff is no longer confined at FCI, Santa Rosa Correctional Institution, the Reception and Medical Center, or the North West Florida Reception Center Annex, the institutions where

he sought injunctive relief or grieved his medical issues. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (per curiam) (a claim for injunctive relief no longer presents a case or controversy once the inmate is transferred to a different facility), cert. denied, 488 U.S. 1046 (1989). See Rowan v. Harris, 316 F. App'x 836, 838 (11th Cir.) (per curiam) (recognizing that claims concerning prison conditions become moot when a prisoner is transferred to another facility), cert. denied, 555 U.S. 1000 (2008). Plaintiff is currently incarcerated at Florida State Prison.

Also of import, Corizon is no longer the contracted health care provider for the FDOC. As such, Corizon can no longer provide the requested injunctive relief to Plaintiff. Thus, Plaintiff's claim for injunctive relief is moot:

> "Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was filed." Id. (citation and internal quotations omitted). "The doctrine of mootness provides that the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Id. (citations, alterations, and internal quotations omitted).

KH Outdoor, L.L.C. v. Clay County, Fla., 482 F.3d 1299, 1302 (11th Cir. 2007).

Accordingly, it is now

**ORDERED:**

1. Defendant Corizon, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 27) is **GRANTED.**

2. Defendant Corizon, LLC, is **DISMISSED** from this action **with prejudice**. The **Clerk** shall enter judgment accordingly.

3. The **Clerk** shall terminate all pending motions and close this case.

4. Due to Plaintiff's allegation that he has not received treatment for his prostate problem, the Court directs the **Clerk** to provide Julie Jones, the Secretary of the FDOC, and Thomas Reimers, the Health Services Director of the FDOC, with a copy of the Second Amended Complaint (Doc. 26) and this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of May, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 5/3
c:
Alfonso A. De La Cruz
Counsel of Record
Julie Jones, Secretary, FDOC
Thomas Reimers, Health Services Director, FDOC